UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| LUIS HERRERA ROBLES,<br><br>    Petitioner,<br><br>  v.<br><br>MATTHEW CATE,<br><br>    Respondent. | No.  C-06-00966-DLJ<br><br>**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS** |

On July 25, 2006, Petitioner Luis Herrera Robles ("Petitioner") filed a petition for writ of habeas corpus. On February 25, 2008, Respondent Matthew Cate ("Respondent")[1] filed an answer. On March 31, 2008, Petitioner filed a traverse. Having considered the papers submitted and the applicable law, the Court hereby DENIES the petition.

**I. BACKGROUND**

**A.  Factual Background and Procedural History**

On June 9, 1999, Petitioner was convicted in Los Angeles County Superior Court on one count of carjacking and four counts of second-degree robbery. Resp. Answer Ex. 1. The superior court sentenced Petitioner to a thirty-one year prison term. Id. While

---

[1] Petitioner named the "Director of Corrections/Rehabilitation" as Respondent. By using this language, Petitioner appears to have attempted to name the Secretary of the Department of Corrections and Rehabilitation. As the chief officer in charge of California correctional facilities, the Secretary of the Department of Corrections and Rehabilitation is a proper respondent in a 28 U.S.C. § 2254 action. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996). Accordingly, the Clerk of the Court is directed to substitute Matthew Cate, the current Secretary of the Department of Corrections and Rehabilitation, as Respondent.

serving his sentence, Petitioner filed a petition for a writ of habeas corpus in Los Angeles County Superior Court in which he alleged ineffective assistance of counsel. Pet. at 4-5. In that petition, Petitioner claimed that he was sentenced according to a coerced plea agreement. Id. at 6. The superior court denied habeas relief. Id. at 4. On September 23, 2002, Petitioner filed a petition for a writ of habeas corpus on the same grounds in the California Court of Appeal. Robles v. People, No. B161600 (Cal. Ct. App. September 23, 2002). The appellate court granted relief and ordered the superior court to withdraw Petitioner's plea agreement. Id. On November 13, 2003, pursuant to the mandate of the court of appeal, the superior court accepted a new plea agreement which resulted in a shortened sentence of sixteen years. See Pet. Ex. C. The court also reclassified Petitioner's carjacking conviction from a second-strike offense to a non-strike offense, although its reasons for doing so are not entirely clear from the record.

On March 25, 2004, Petitioner filed an informal administrative appeal with the California Department of Corrections and Rehabilitation ("CDCR"), requesting recalculation of his work-time credits according to the terms of his modified sentence. See Pet. Ex. C. In this appeal, Petitioner alleged that the CDCR had calculated his work-time credits as if his commitment offense still constituted a strike offense, and, as a result, that it erroneously applied a fifteen percent maximum limit on his work-time credits rather than the fifty percent credit formula applicable to non-strike offenders. On July 1, 2004, the CDCR administrative staff denied Petitioner's appeal, stating that the CDCR had applied the

fifteen percent maximum limit to Petitioner's work-time credit calculation because he is a violent offender under California Penal Code § 667.5(c), not because he is a second-strike offender. Id.

After his appeal was denied, Petitioner requested a formal computation review hearing on July 12, 2004. Pet. Ex. C. The CDCR notified Petitioner on July 23, 2004 that his request for formal review required additional "supporting documentation" to "substantiate [his] issue." Id. On November 2, 2004, Petitioner submitted another appeal request, which the CDCR again rejected for lack of completeness. Id. Petitioner filed his last appeal request on December 1, 2004. Id. On December 8, 2004, the CDCR denied this request on the ground that it was untimely. Id.

Petitioner filed a petition for a writ of habeas corpus in Los Angeles County Superior Court on February 4, 2005, challenging the CDCR's computation of his work credits. See Pet. at 6. The superior court denied the petition on July 7, 2005, stating that Petitioner had failed to exhaust his administrative remedies, and, in any event, that the CDCR correctly computed his work-time credits at the fifteen percent maximum. Id. On May 26, 2005, Petitioner filed an appeal in the California Supreme Court. Id. Petitioner did not file a petition in the California Court of Appeal. See id. The California Supreme Court summarily denied relief on April 26, 2006. Id.

On July 25, 2006, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Central District of California. The court issued an order transferring the case from the Central District to the Eastern District of California on July 14, 2006. On November

24, 2008, the case was reassigned to this Court.

Petitioner makes two claims. First, he claims that the CDCR denied him due process of law by limiting his work credits to fifteen percent rather than fifty percent, and by denying him a formal computation hearing. Second, Petitioner claims that the CDCR's application of the fifteen percent limitation on his work credits violates the Ex Post Facto Clause of the United States Constitution. Petitioner requests that the Court order the CDCR to recalculate his work-time credits according to a fifty percent work credit formula.

**B.  Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") allows an inmate in state custody to seek a writ of habeas corpus in federal court. 28 U.S.C. § 2254. Under AEDPA, a writ of habeas corpus may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

**II. DISCUSSION**

**A.  Procedural Bars**

The parties do not dispute that the instant petition is timely and that venue is proper. There is some uncertainty as to whether some of Petitioner's administrative and state court remedies have been exhausted, and as to whether some of Petitioner's claims are

procedurally defaulted.  The Court need not reach these issues, however, because, as described below, all of Petitioner's claims fail on the merits.  See 28 U.S.C. § 2254(b)(2); <u>Cassett v. Stewart</u>, 406 F.3d 614, 623-25 (9th Cir. 2005).

**B.  <u>Due Process Claims</u>**

As a matter of federal due process, California inmates possess a liberty interest in work credits if they have engaged in any work that would entitle them to such credits.  See <u>Brodheim v. Rowland</u>, 993 F.2d 716, 717 (9th Cir. 1993).  In this case, there is no dispute that Petitioner has engaged in work while in custody, and that he is entitled to work credits under California Penal Code § 2933.1(a).  As a result, Petitioner possesses a liberty interest in the proper computation of his work credits.

The Court is not aware of any cases which define the scope of the process that is due to Petitioner under these circumstances. Nonetheless, it is apparent to the Court that there has been no violation of Petitioner's due process rights.  Under California law, the fifteen percent work credit formula applies to both strike offenders and violent offenders.  See Cal. Penal Code § 2933.1. Petitioner is correct that, at the time he was resentenced, his commitment offense was reclassified from a strike offense to a non-strike offense.  Petitioner's commitment offense still qualifies as a violent offense, however.  See Cal. Penal Code § 667.5(c).  As a result, the CDCR properly applied the fifteen percent formula to Petitioner's work credits.

Accordingly, the state court's decision upholding the CDCR's decision was not contrary to, or an unreasonable application of, clearly established federal law.  For this reason, Petitioner's

claim fails.

**C.  Denial of Access to the Administrative Appeals Process**

Petitioner's claim that Respondent denied him access to the prison system's administrative appeals process is not a cognizable claim for federal habeas corpus relief.  The Ninth Circuit has held that habeas jurisdiction is absent, and a 42 U.S.C. § 1983 action is proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.  See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

In this case, Petitioner's challenge to the appeals process will not necessarily shorten his sentence.  To the contrary, success on this claim would result only in access to the appeals process, not a direct reduction in his sentence.  Accordingly, a 42 U.S.C. § 1983 action, rather than habeas corpus action, is the appropriate vehicle for this claim.

**D.  Ex Post Facto Claim**

Finally, Petitioner claims that Respondent has violated the Ex Post Facto Clause of the United States Constitution because, according to Petitioner, the CDCR continues to apply California Penal Code § 667(e) and § 1170.12 (the "strike" laws) to determine his work credits, even though his offense was reclassified as a non-strike offense.

The United States Constitution prohibits the states from passing any "ex post facto law."  U.S. Const., Art. I, § 10.  An ex post facto violation occurs only if there is a retroactive application of a law that works to the defendant's detriment. Lynce v. Mathis, 519 U.S. 433, 441 (1997).

Here, Petitioner's claim that Respondent lengthened the

duration of his confinement is without merit. On remand from the court of appeal, the sentencing court in this case removed the strike classification which previously applied to Petitioner's offense of conviction. Pet. Ex. A. In calculating the Petitioner's work-time credits, the CDCR acknowledged this reclassification and explained to Petitioner that its work-time computation was based on California Penal Code § 667.5(c) and § 2933.1, which limit work-time credits to fifteen percent for violent offenders. Pet. Ex. C. Because the CDCR did not retroactively apply the strike offense provisions of California Penal Code § 667(e) and § 1170.12, there has been no violation of the Ex Post Facto Clause of the United States Constitution.

### III. CONCLUSION

Based on the foregoing, the Court hereby DENIES the petition.

IT IS SO ORDERED

Dated: April 29, 2009

_____
D. Lowell Jensen
United States District Judge